**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIJUAN DING, | No.    18-71292 |
| Petitioner, | Agency No. A206-205-780 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2020**
Honolulu, Hawaii

Before:  FARRIS, McKEOWN, and BADE, Circuit Judges.

Lijuan Ding, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal.  The parties are familiar with the facts, so we do not repeat them here.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand.

We review the BIA's factual findings, including adverse credibility findings, for substantial evidence. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). Factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005).

The agency found Ding not credible based on the timeline between her travel to Malaysia and obtaining a U.S. visa, false statements made by Ding in order to obtain the visa, and corroborating evidence that the agency found undermined Ding's credibility.

Substantial evidence does not support the agency's adverse credibility determination. We will not uphold an adverse credibility finding where it is based on "speculation and conjecture." *See Zhi v. Holder*, 751 F.3d 1088, 1093 (9th Cir. 2014). The corroborating evidence that the agency relied upon here depends on speculation and conjecture, rather than omissions or inconsistencies in Ding's testimony or evidence.

For these reasons we grant the petition for review and remand Ding's asylum and withholding of removal claims to the agency for further proceedings consistent with this disposition.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED AND REMANDED**